IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TRACEY PALMERTON and TRINITY PALMERTON, <br><br> Plaintiffs, <br><br> vs. <br><br> WAL-MART STORES, INC., CLAIMS MANAGEMENT, INC., ABC INSURANCE COMPANY, JOHN DOES 123, <br><br> Defendants. | CV 17–30–H–CCL <br><br> ORDER |

      This civil matter arises from Plaintiff's claimed slip-and-fall injury suffered at the Helena Wal-Mart Store on December 30, 2015. Now before the Court is Plaintiff's "Rule 57 Motion for Speedy Hearing." (ECF No. 3.) Plaintiff Tracey Palmerton alleges in the instant motion that she is entitled to a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Uniform Declaratory Judgments Act, 28 U.S.C. 2201, and an order by the Court compelling Defendants to pay for her medical expenses already incurred and to be

incurred in the future.  Plaintiff states that this issue may require a jury trial.  Under Rule 57, the Court may order a speedy hearing and may grant a jury trial in connection with a declaratory judgment action.

The standard to be applied to a demand for advance payments of medical expenses is whether liability for the accident and liability for the actual medical expenses are *reasonably clear*.  *Ridley v. Guarantee National*, 951 P.2d 987, 992 (Mont. 1988).  Even if liability for the accident is reasonably clear, liability for the medical expenses may not be reasonably clear.  For example, it may not be reasonably clear that the medical expenses are causally related to the accident.  If there is a genuine issue of material fact regarding liability for the accident or for the medical expenses, then liability is not reasonably clear with respect to advance payment of the medical expenses.  *Giambra v. Travelers Indemnity Co.*, 78 P.3d 880 (Mont. 2003).  The test for reasonably clear liability is an objective test. *Peterson v. St. Paul Fire and Marine Ins. Co.*, 239 P.3d 904 (Mont. 2010).  It is a greater degree of certainty than preponderance-of-the-evidence and "more akin to the 'clear and convincing evidence' standard...."  *Ayotte v. American Economy Ins.*

*Co.*, 2010 WL 10862741 (D. Mont. 2010).  "[T]he facts, circumstances, and the applicable law [should] leave little room for objectively reasonable debate about whether liability exists."  *Id.* at *3.

Whether to order a speedy hearing of a declaratory judgment action is in the discretion of the district court.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); Fed. R. Civ. P. 57 ("The court *may* order a speedy hearing of a declaratory judgment action.") (emphasis added).  "A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise on undisputed or relatively undisputed facts...."  Fed. R. Civ. P. 57 Advisory Committee Notes.

There is a pending underlying claim that will not be determined by the request for a speedy hearing, and that is Plaintiff's underlying negligence claim against the Defendants.  Defendants argue that Plaintiff's negligence claim will be determinable by summary judgment motion.  As to the Rule 57 motion, Defendants dispute that Plaintiff's medical expenses are causally related to Plaintiff's claim of accident at the Wal-Mart Store in Helena.  Defendants did pay Plaintiff's initial

medical expenses but then refused to pay further medical expenses. Defendants point out nothing in the record supports Plaintiff's claim that she has medical expenses that she cannot pay that are causally related to her claimed injury. Defendants ask the Court to deny the motion for speedy hearing and permit the matter of liability for the underlying negligence claim and for the medical expenses to be decided by summary judgment motion. In response, Plaintiff emphasizes that Defendants did pay her initial medical expenses and therefore should be required to continue to do so. The Court is not persuaded by this argument. If Defendants were not legally obligated to pay the medical expenses at all or at some point, then they were entitled to terminate payments, at their discretion. By paying for the initial medical expenses, the Defendant did not legally obligate themselves to pay any and all of Plaintiff's medical expenses in perpetuity following the alleged accident. It is Plaintiff's burden to present a *prima facie* case that Defendants' liability for her medical expenses is reasonably clear, and Plaintiff has not met that burden. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Rule 57 Motion for Speedy

Hearing is DENIED.

Dated this 13th day of September, 2017.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE